## Jacob Ellinger's Adm'r v. B. B. Brown, et al.

**Motion to Strike Out Parts of Petition.**
> The refusal of the court to strike out parts of a petition under some circumstances is not such an error as will affect prejudicially the substantial rights of the defendant.

**Consideration of Church Subscription.**
> The establishment of a church is a sufficient consideration to sustain a promise contained in a church subscription.

### APPEAL FROM KENTON CIRCUIT COURT.

June 25, 1877.

Opinion by Judge Lindsay:

The original petition in this action contains little else than recitals of assumed facts and statements of conclusions of law, and there is much superfluous and irrelevant matter in the amendment that

ought to have been stricken out on the motion of the appellant. But as this redundancy is made up of statements of circumstances provable as evidence of the material facts in controversy, and as these circumstances were actually proved on the trial, the refusal of the court to strike out is not such an error as in this particular case affected prejudicially the substantial rights of the appellant.

There is enough in the amendment to show unmistakably that the appellees, or some of them, were induced by the decedent, Ellinger, to present to the annual conference a petition for the establishment of a second charge of the Scott Street Church in Covington, and that they did procure said charge to be established and organized, and at the instance of said decedent did contract for a lot of ground upon which to erect a church edifice, and it is specifically averred, that in consideration of the said organization and undertaking of the trustees to build a house of worship for the use of the said second charge of the M. E. Church South, the decedent agreed and promised the plaintiffs to pay them ten thousand dollars, to be expended in the erection of said building at once, so that the trustees might have the funds on deposit to begin the said work early in the spring of 1875, and might draw out and use the same as required; and the plaintiffs, in consideration of said agreement and promise of decedent, completed said purchase and were ready to begin the erection of said building at said time, and so notified the defendant.

This is the averment of an express promise, founded on the consideration of the organization of the second charge and the purchase of the lot of ground; and this consideration is sufficient, even if it be conceded that the undertaking of the trustees to erect the church edifice is not well stated. It was not necessary to state whether the promise was oral or in writing. It binds the representative of the decedent in either event. The general averments of the performance of the conditions precedent were good under the Civil Code of Practice in force prior to January 1, 1877.

We will not enter into a review of the testimony. It may be, the written guarantee made to the church conference would not of itself be sufficient proof of the alleged promise, and that the proof of no one of the numerous conversations of the decedent relative to what he intended or had agreed to do in regard to the erection of the church would have authorized the verdict of the jury, but the guaranty taken in connection with the inferences arising from all mere conversations may have satisfied the jury that the promise was actually made as claimed by the appellees.

The proposals made to the Scott Street Church, and the card published in the Cincinnati Enquirer, tend in some degree to show that the decedent did not understand he was legally bound by any promise or agreement he had made to or with the appellees, but it was for the jury to weigh the evidence and reconcile its apparent inconsistencies, and we are not prepared to say their verdict in favor of the appellees is palpably or manifestly against the weight of the evidence.

It was not necessary that the plaintiffs should show that they had taken any further steps in preparing to build the church than that they had procured a suitable lot, within the boundary designated by the deceased. The expenses to be incurred, therefore, are to be defrayed out of the fund in controversy, and the trustees of the church cannot be required to incur personal liability in order to enable themselves to maintain this action.

It was no error in the court to refuse to allow appellant to prove by Buffington what Brown said as to the conditions on which the decedent's promise was to become binding and obligatory. If they desired to contradict Brown they should have laid the proper foundation. His statements could be proven for no other purpose, as he had no personal interest in the controversy, and his action all the while was in a mere fiducial capacity.

The two instructions given presented the law of the case in the most favorable aspect for the appellant. They introduced issues not raised by the pleadings and required the appellees to establish propositions or facts merely collateral to the material facts upon which their right to a recovery depended. The instructions asked by the appellant and refused were not made part of the bill of exceptions, and cannot, therefore, be considered on this appeal.

We perceive no reversible error in the record. The judgment must be *affirmed*.

*Stevenson, O'Hara, Simmons, Schmidt, for appellant.*
*Benton & Benton, J. G. Carlisle, for appellees.*